1   VENABLE LLP

2   Susan E. Hollander (SBN 133473)
    David J. Partida (SBN 304996)
3   101 California Street, Suite 3800
    San Francisco, CA 94111
4   Email:      sehollander@venable.com
                djpartida@venable.com
5   Telephone:   (415) 653-3750
    Facsimile:   (415) 653-3755
6
7   Frank M. Gasparo (*Pro Hac Vice* pending)
    Todd M. Nosher (*Pro Hac Vice* pending)
8   Rockefeller Center
    1270 Avenue of the Americas, 24th Floor
9   New York, NY 10020
    Email:      fmgasparo@venable.com
10              tmnosher@venable.com
    Telephone:   (212) 307-5500
11  Facsimile:   (212) 307-5598

12  *Attorneys for Plaintiff Lillebaby, LLC*

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16  LILLEBABY, LLC, a Delaware limited liability      Case No. _____
    company,
17                                                     COMPLAINT FOR:
                        Plaintiff,
18                                                     (1) PATENT INFRINGEMENT OF THE
                 v.                                        '116 PATENT (35 U.S.C. § 271(a));
19
    LUMIERE BABY LLC, a California limited             (2) PATENT INFRINGEMENT OF THE
20  liability company,                                     '732 PATENT (35 U.S.C. § 271(a));

21                      Defendant.                     (3) WILLFUL INFRINGEMENT OF
                                                           THE '116 AND '732 PATENTS;
22
                                                       (4) FEDERAL UNFAIR COMPETITION
23                                                         AND FALSE DESIGNATION OF
                                                           ORIGIN (15 U.S.C. § 1125(a));
24
                                                       (5) STATE UNFAIR COMPETITION
25                                                         (CAL. BUS. & PROF CODE §
                                                           17200);
26
                                                       (6) COMMON LAW UNFAIR
27                                                         COMPETITION

28                                                     DEMAND FOR JURY TRIAL

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

COMPLAINT

Plaintiff LILLEbaby, LLC, for its Complaint against Defendant Lumiere Baby LLC alleges as follows:

## NATURE OF THE CASE

1.      This action seeks damages and injunctive relief for patent infringement, and for unfair competition and false designation of origin under federal law, and related claims arising under state law.

## PARTIES

2.      Plaintiff LILLEbaby, LLC ("Lillebaby") is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 4450 Arapahoe Avenue, Suite 100, Boulder, CO 80303.

3.      On information and belief, Defendant Lumiere Baby LLC ("Defendant") is a limited liability company duly organized and existing under the laws of California, having its principal place of business at 463 Buena Vista Avenue, Suite 305, Alameda, CA 94501.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et. seq*., and Section 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and contains related California statutory and common law claims. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and under Section 39 of the Lanham Act, 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims alleged herein.

5.      This Court has personal jurisdiction over Defendant because Defendant is a California limited liability company, resides in California, and has continuous, systematic, and substantial contacts within this District and the State of California.  Further, Defendant has committed unlawful and tortious acts in this District and the State of California that it knew or should have known would cause injury to Lillebaby—acts which give rise to the causes of action asserted herein.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c); and 28 U.S.C.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

§ 1400(b).  Venue is appropriate under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District (*i.e.*, 463 Buena Vista Avenue, Suite 305, Alameda, CA 94501, which is identified on at least the instruction manual of its infringing product) and has committed acts of infringement within this District by, *inter alia*, selling and offering to sell its infringing product from and within this District.

## FACTUAL BACKGROUND

### A.      LILLEbaby, LLC

7.      Lillebaby was founded by Lisbeth Lehan, who as a new mother, was anxious to find a suitable baby carrier after her first child was born.  Unfortunately, she found available carriers wanting.  Then-existing baby carriers offered limited carrying positions and were quickly outgrown.  In addition, they poorly distributed weight and were uncomfortable for both the baby and parent.  Ms. Lehan purchased a carrier and tried it with her baby.  Unfortunately, the use of that carrier caused Ms. Lehan great discomfort and back pain which forced her to seek chiropractic treatment to alleviate her pain.

8.      Ms. Lehan's disappointing experience with available carriers led her to develop innovative carriers.  These Lillebaby carriers are adaptable to both the child's development stage and size.  Moreover, a child may be carried in various positions, such as facing inward or outward, and on the parent's front, hip or back.  An illustration of these various carrying positions is reproduced below.



9. From its humble beginnings, Lillebaby has grown, mostly by word-of-mouth among parents, to become one of the leading child carrier producers on the market. Lillebaby has marketed, promoted, advertised, and sold its baby carriers and related products through multiple channels, including on its well-known website located at *www.lillebaby.com*, and through major national retailers such as Target, BuyBuy Baby, Nordstrom, Toys R Us, and on Amazon.com.

10. The industry has recognized the value of Ms. Lehan's innovation. Indeed, the Lillebaby carriers have received numerous accolades and unsolicited media attention.

11. By way of example, Baby Gizmo wrote "I feel like I had to buy 3 different carriers to get all the features LILLEbaby put into one." Baby Bottom Line stated "The carrier is like . . . the Mother of all carriers . . . it's NUTS! This . . . by far . . . is the most functional carrier I have used!" The Lillebaby carriers have also received numerous awards, including the "Mom's Choice Awards," the Babylist "Best Pick" award, the Tillywig "Parents' Favorite Products" award, the "Cribsie" award and is a Mom Trends "Must-haves" winner.

12. Lillebaby has invested significant resources to protect its ideas, including seeking and obtaining patent protection. Lillebaby holds all rights, title and interest in and to U.S. Patent No. 8,172,116 ("the '116 Patent") and U.S. Patent No. 8,424,732 ("the '732 Patent") both entitled "Child Carrier Having Adaptive Leg Supports." The '116 and '732 Patents are also collectively referred to herein as "the Asserted Patents." True and correct copies of the '116 and '732 Patents are attached hereto as Exhibits 1 and 2 respectively, and are incorporated herein by reference.

13. Lillebaby also sought to protect the valuable goodwill associated with its well-known and very successful baby carriers. Lillebaby owns U.S. Trademark Registration Nos. 3,943,348 and 4,186,257 for the word mark "LÍLLÉBABY", and owns U.S. Trademark Registration No. 4,186,258 for the word mark "LILLE" (collectively, the "LÍLLÉBABY Marks"). Attached hereto as Exhibit 3, and incorporated herein by reference, are true and correct copies of the Registration Certificates for the LÍLLÉBABY Marks.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

14.     The registrations for the LÍLLÉBABY Marks are valid and subsisting in full force, unrevoked, and uncancelled.  Notably, Registration No. 3,943,348 is incontestable pursuant to 15 U.S.C. § 1065 with respect to the goods thereunder.

15.     The distinctiveness of the LÍLLÉBABY Marks is evidenced by their secondary meaning in the marketplace.  Lillebaby has expended significant time, money, and efforts in promoting its LÍLLÉBABY Marks.  As a result, consumers have come to recognize the LÍLLÉBABY Marks as symbolizing the goodwill inherent in these marks, and associate the LÍLLÉBABY Marks solely with Lillebaby and its high quality baby carriers and related products.

**B.     Defendant's Unlawful Conduct**

16.     As evidenced by its website www.lumierebaby.com, Defendant sells, and offers to sell, certain baby carriers, among other related items.

17.     At least as early as November, 2016, Defendant began acting on a plan to take advantage of Lillebaby's successful innovation and associated goodwill.  Before releasing its own baby carrier, Defendant announced a "giveaway contest" in which contestants could enter to win a Lillebaby-brand carrier and a carrier of another well-known competitor.  Below is a screenshot from Defendant's Facebook page launching this giveaway.  As shown, the Defendant invited visitors to its Facebook page to share the page in an apparent attempt to draw interest to Defendant from people who are originally interested in Lillebaby carriers and/or who are aware of Lillebaby and its industry-leading products.  Indeed, Defendant's social media campaigns and activities appear targeted to building an association between Defendant and Lillebaby.



18.     Defendant used Lillebaby promotional materials and displayed the LÍLLÉBABY Marks, without permission, in an effort to create interest in its own company and create the false impression that it is associated with and/or endorsed by Lillebaby.  In fact, over half of Defendant's Facebook posts before Defendant announced the launch of its knock-off baby carrier displayed the LÍLLÉBABY Marks and/or images taken directly from Lillebaby's promotional materials.  For example, below left is a screen capture from Defendant's Facebook page prominently displaying an image taken directly from Lillebaby's promotional materials, reproduced below right.

Lumiere Facebook post                    Lillebaby's original picture and artwork



19.    Also, as shown below, Defendant uses the LÍLLÉBABY trademark as a hashtag to suggest an association or endorsement of Defendant's efforts by Lillebaby.



20.    Defendant continued using Lillebaby images and promotional material at least until the January 30, 2017 carrier giveaway date.  Yet another example of Defendant's misuse is from Defendant's Facebook page reproduced below left, which displays an image taken directly from Lillebaby's promotional materials.  The original Lillebaby promotional materials are reproduced below right.




VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

6
COMPLAINT

21.     On January 31, 2017, with a photograph of the giveaway packages, Defendant announced that it was introducing a baby carrier that "is even better than… Lille."



22.     On March 14, 2017, Defendant announced that its carrier had been released on Amazon.com.  A copy of Defendant's Facebook page announcement is reproduced below.  The image and associated text is strikingly similar to Lillebaby's prior Amazon.com promotional material, which is reproduced immediately below Defendant's announcement.



**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

7

COMPLAINT



As shown above, Defendant copied Lillebaby's image of three arrows leaving the carrier to depict air flow. Lillebaby uses "6in1" to describe the adaptability of its carrier, while Defendant uses "6-in-1" to describe the same. Similarly, Lillebaby uses "SIX-Position," while Defendant uses "6 Position." Finally, Lillebaby describes its product as an "Ergonomic Baby & Child Carrier," while Defendant describes its product as an "Ergonomic Baby Carrier."

     23.    Defendant's Amazon.com listing for its baby carrier reproduced below uses a similar image discussed in Paragraph 22 above, and touts Defendant's "patent pending" functionality copied from Lillebaby: "Adapt to Growing Baby (Newborn, Infant & Toddler)."



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

24.    Defendant's Amazon.com listing for its baby carrier also features the image reproduced below.  As shown, the image references "Breathable Cool 3D Mesh" in an "All Seasons" carrier.



Along the bottom of Defendant's image are six smaller images with the captions "1. Newborn," "2. Infant," "3. Face Out," "4. Toddler," "5. Hip," and "6. Back."  These captions and the text above them read almost verbatim from a Lillebaby image found in prior Lillebaby promotional material, reproduced below.



As is readily apparent, Defendant freely copied the look and feel of the Lillebaby offering—and even the specific text.

25.     Also, as shown above, Defendant copied the gray Lillebaby color scheme. Defendant's other carrier offering is a black/camel carrier that copies Lillebaby's black/camel color scheme.  Defendant's black/camel offering is shown below left, and the black/camel Lillebaby carrier is shown below right.



26.     Upon information and belief, Defendant's conduct was undertaken with the sole purpose to unfairly compete with Lillebaby by misdirecting customers and prospective customers seeking Lillebaby's carrier to Defendant's Amazon.com and other promotional webpages.  Defendant has no legitimate reason for displaying the LÍLLÉBABY Marks in its promotional materials—or for copying images, text, and other unique identifiers from Lillebaby's website and promotional materials other than to unfairly compete with Lillebaby.

## THE ASSERTED PATENTS

27.     As noted above, Ms. Lehan sought to protect her innovations through patent protection.

28.     On May 8, 2012, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Patent No. 8,172,116 ("the '116 Patent") entitled "Child Carrier Having Adaptive Leg Supports."  A true and correct copy of the '116 Patent is attached hereto as Exhibit 1.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

29.     All rights, title and interest in and to the '116 Patent were assigned to Lillebaby on June 3, 2017.  The assignment was recorded with the USPTO on June 9, 2017 under Reel 042662, Frame 0895.  Thus, Lillebaby holds all rights, title and interest in and to the '116 Patent including the right to bring this claim of patent infringement against Defendant.

30.     On April 23, 2013, the USPTO duly and lawfully issued United States Patent No. 8,424,732 ("the '732 Patent") also entitled "Child Carrier Having Adaptive Leg Supports."  A true and correct copy of the '732 Patent is attached hereto as Exhibit 2.

31.     All rights, title and interest in and to the '732 Patent were assigned to Lillebaby on June 3, 2017.  The assignment was recorded with the USPTO on June 9, 2017 under Reel 042662, Frame 0895.   Thus, Lillebaby holds all rights, title and interest in and to the '732 Patent including the right to bring this claim of patent infringement against Defendant.

32.     Lillebaby has complied with any and all applicable marking requirements under 35 U.S.C. § 287 for the '116 Patent.

33.     Lillebaby has complied with any and all applicable marking requirements under 35 U.S.C. § 287 for the '732 Patent.

## FIRST CAUSE OF ACTION

### (Direct Infringement of the '116 Patent in Violation of 35 U.S.C. § 271(a))

34.     Lillebaby incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1–33.

35.     Defendant is infringing at least claim 1 of the '116 Patent in violation of 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell in the United States, and/or importing into the United States Lumiere's "Universal" Baby Carrier, (*i.e.*, "Defendant's Product" or "Defendant's Carrier").

36.     Claim 1 of the '116 Patent and an image of Defendant's Product are reproduced below, side by side, to illustrate how Defendant's Product meets each claim limitation, evidencing Defendant's infringement of at least Claim 1.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1. A carrier for transporting a child by a transporting individual, comprising:

a torso support part configured to support the torso of the child placed in the carrier;

a left shoulder strap having an upper and a lower left-strap ends configured for coupling to the torso support part at respectively an upper left coupling point and a lower left coupling point on the torso support part;

a right shoulder strap having an upper and a lower right-strap ends configured for coupling to the torso support part at respectively an upper right coupling point and a lower right coupling point on the torso support part;

a seat support part coupled to the torso support part and configured to support the posterior of the child, wherein the seat support part comprises a left upper-leg-support part disposed on the left side of the seat support part and



configurable to optionally support at least part of the left thigh of the child and otherwise not support the left thigh of the child and a right upper-leg-support part disposed on the right side of the seat support part and configurable to optionally support at least part of the right thigh of the child and otherwise not support the right thigh of the child; and

a hip belt coupled to the seat support part and configured for securing about the hips of the transporting individual,



6. BACK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900



wherein at least one of the upper leg-support parts is coupled to the hip belt by a fastening device selected from the group consisting of mating areas of a hook and loop type fastener on that upper-leg-support part and the hip belt and mating snaps on that upper-leg-support part and the hip belt.



37.     As illustrated above, and as described in the instruction manual for Defendant's Product (from which true and correct copies of excerpts are attached hereto as Exhibit 4), Defendant's Product is a carrier for transporting a child by an individual (*e.g.*, a parent).

38.     As shown in the images in Paragraph 36 above, Defendant's Product contains a torso support part configured to support the child in the carrier.  Defendant's Product also has left and right shoulder straps, both with upper and lower strap ends configured for coupling to

the torso support part at their respective coupling points.  Defendant's Product further contains a seat support (coupled to the torso support) that supports the posterior of the child.

39.     Also shown in the instruction manual for Defendant's Product, reproduced again below, the seat width of Defendant's Product can be configured by connecting a portion of the seat to a hip belt at different positions on the belt.  Snaps are used to attach a portion of the seat to the hip belt.



40.     Below left is a photograph from Defendant's webpage, *lumierebaby.com/baby-carrier*, of a child in Defendant's Carrier when the seat is retracted.  The child is shown below right in Defendant's Carrier with the seat expanded.



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

When the seat is expanded, the child's upper thighs are supported by the seat.  When the seat is retracted, the upper thigh is not supported by the seat.

41.     Other images from Defendant's promotional materials illustrate this same point. Below left is an image of Defendant's Product showing the seat extended and the upper thigh of the carried child being supported.  Below right is an image from Defendant showing an unsupported upper thigh of the child while carried in Defendant's Product.



42.     Defendant's Product thus meets each limitation of at least claim 1 of the '116 Patent, thereby infringing at least that claim.

43.     Defendant's infringement of the '116 Patent has caused great damage to Lillebaby.  The amount of these damages is not yet known, but Lillebaby has lost profits as a direct result of Defendant's infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284.  Lillebaby is also entitled to recover interest, costs, and up to treble damages under 35 U.S.C. § 284.  Further, because this is an exceptional case under 35 U.S.C. § 285, Lillebaby should be awarded its attorneys' fees.

44.     As a result of Defendant's infringement of the '116 Patent, Lillebaby has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, is

threatened with continuing loss of sales to its existing and potential customers, is losing and will continue to lose the goodwill of its customers, and is suffering the violation of its patent rights, for which Lillebaby has no adequate remedy at law, and which will continue unless Defendant is permanently enjoined by this Court from infringing the '116 Patent under 35 U.S.C. § 283.

## SECOND CAUSE OF ACTION

### (Direct Infringement of the '732 Patent under 35 U.S.C. § 271(a))

45. Lillebaby incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1–44.

46. Defendant is infringing at least claim 10 of the '732 Patent in violation of 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States its Lumiere "Universal" Baby Carrier, (*i.e.*, "Defendant's Product" or "Defendant's Carrier").

47. Claim 10 of the '732 Patent is reproduced below.

**10.** A carrier for transporting a child by a transporting individual, comprising:

a torso support part configured for supporting at least part of the torso of the child placed in the carrier;

a seat support part coupled to the torso support part and configured to support the posterior of the child, wherein the seat support part comprises a left upper-leg-support part disposed on the left side of the seat support part and a right upper-leg-support part disposed on the right side of the seat support part; and

a hip belt coupled to the seat support part and configured for securing about the hips of the transporting individual,

wherein the left upper-leg-support part is configured for optionally coupling to the left side of the hip belt, wherein the right upper-leg-support part is configured for optionally coupling to the right side of the hip belt,

wherein if the left upper-leg-support part is coupled to the left side of the hip belt, the left upper-leg-support part is configured to support at least part of the left upper leg of the child, otherwise the left upper-leg-support part does not substantially support the left upper leg of the child, and

wherein if right upper-leg-support part is coupled to the right side of the hip belt, the right upper-leg-support part is configured to support at least part of the right upper leg of the child, otherwise the right upper-leg-support part does not support the right upper leg of the child.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

The first three clauses of claim 10 are similar to the limitations discussed above with regard to claim 1 of the '116 Patent.  Accordingly, Defendant's Product meets the limitations of the first three clauses of claim 10 for at least the same reasons discussed above with regard to claim 1 of the '116 Patent.

48.    The last three "wherein" clauses of claim 10 of the '732 Patent recite adaptability features which, *inter alia*, allow multiple carrying positions.

49.    Below left is an image from Defendant's promotional materials showing the upper-leg-support part extended and attached to the hip belt to support the upper leg of the child being carried.  Below right is an image from Defendant showing an unsupported upper leg of the child while carried.



50.    Defendant's Product thus meets each limitation of at least claim 10 of the '732 Patent, thereby infringing at least that claim.

51.    Defendant's infringement of the '732 Patent has caused great damage to Lillebaby.  The amount of these damages is not yet known, but Lillebaby has lost profits as a direct result of Defendant's infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284.  Lillebaby is also entitled to recover interest, costs, and up to treble damages under

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

35 U.S.C. § 284.  Further, because this is an exceptional case under 35 U.S.C. § 285, Lillebaby should be awarded its attorneys' fees.

52.     As a result of Defendant's infringement of the '732 Patent, Lillebaby has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, is threatened with continuing loss of sales to its existing and potential customers, is losing and will continue to lose the goodwill of its customers, and is suffering the violation of its patent rights, for which Lillebaby has no adequate remedy at law, and which will continue unless Defendant is permanently enjoined by this Court from infringing the '732 Patent under 35 U.S.C. § 283.

## THIRD CAUSE OF ACTION

### (Willful Infringement of the Asserted Patents)

53.     Lillebaby incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1–52.

54.     Defendant's infringement of the '116 and 732 Patents has been willful.

55.     Defendant has had actual knowledge of the '116 and 732 Patents since at least November 2016.  Indeed, even before it launched its infringing baby carrier and began selling the same, Defendant had purchased a Lillebaby COMPLETE™ that was used in a "free giveaway" promotion in an apparent attempt to generate interest in Defendant before it launched its carrier.  The images below, which illustrate this point, are reproduced from Defendant's Facebook page.





56.   The winner of the "free giveaway" and recipient of the Lillebaby carrier even posted the following on Defendant's Facebook page, including a photo identifying the specific Lillebaby Complete carrier used in Defendant's contest.

57.   Defendant's purchase and subsequent promotional give away of the Lillebaby Complete carrier, which is marked with both the '116 and '732 Patents, followed by Defendant's wholesale copying of Lillebaby's innovation, evidences not only Defendant's pre-suit knowledge of the Asserted Patents, but that Defendant's infringement of those patents has been, and continues to be, willful and deliberate, warranting treble damages.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**FOURTH CAUSE OF ACTION**

**(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))**

58.     Lillebaby incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1–57.

59.     Defendant's prominent use of the LÍLLÉBABY Marks on promotional materials for Defendant's competing products (including Defendant's Product), as well as its appropriation of Lillebaby's images, text, and other unique identifiers from Lillebaby's website and promotional materials, is likely to induce consumers to believe, contrary to fact, that Defendant or its products are affiliated, connected, or associated with Lillebaby, and/or that Defendant or its products are sponsored, authorized, and/or endorsed by Lillebaby.

60.     Defendant's conduct is without Lillebaby's permission or authority.  On information and belief, Defendant engaged in the conduct with actual knowledge of Lillebaby and its prior and senior rights in the LÍLLÉBABY Marks.  As a result, Defendant has willfully, deliberately, and maliciously engaged in the described acts for the sole purpose of unfairly competing with Lillebaby and/or to cause confusion, mistake, or deception among consumers.

61.     Defendant acted willfully and/or with willful blindness or reckless indifference to the fact that consumers would believe, contrary to fact, that (a) there is an affiliation, connection, or association between Defendant and Lillebaby, or (b) Defendant's products originate with, are sponsored by and/or approved by Lillebaby.

62.      Defendant's conduct constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).  On information and belief, Defendant has profited from this infringement.

63.     This is an exceptional case under 15 U.S.C. § 1117(a).

64.     Defendant's willful conduct has caused damage to Lillebaby in an amount to be determined at trial and, unless restrained, will continue to seriously and irreparably injure Lillebaby and impair further the value of the LÍLLÉBABY Marks, for which there is no adequate remedy at law.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

65.     Defendant's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Lillebaby's marketing, advertising, sales and consumer recognition of its LÍLLÉBABY Marks.  As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Lillebaby has been and will be deprived of sales of its products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the values of its marks as commercial assets in an amount as yet unknown but to be determined at trial.

66.     In light of the foregoing, Lillebaby is entitled to injunctive relief, and to recover from Defendant all damages, including Defendant's profits and attorneys' fees, that Lillebaby has sustained and will sustain, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117, as well as the costs of this action.   Lillebaby is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

## FIFTH CAUSE OF ACTION

### (State Unfair Competition, Cal. Bus. & Prof. Code § 17200)

67.     Lillebaby incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1-66.

68.     Defendant's conduct alleged herein constitutes false designation of origin under 15 U.S.C. §1125(a).  Defendant's conduct thus constitutes willful and deliberate unfair competition in wanton disregard of Lillebaby's valuable intellectual property rights.  On information and belief, Defendant has profited from this infringement.

69.     Defendant's conduct has directly and proximately caused and will continue to cause Lillebaby substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of the LÍLLÉBABY Marks, for which there is no adequate remedy at law.

70.     In light of the foregoing, Lillebaby is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 *et seq.* restraining Defendant from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendant through its

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

wrongful conduct.

## SIXTH CAUSE OF ACTION

### (Common Law Unfair Competition)

71.     Lillebaby incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1-70.

72.     Defendant's conduct alleged herein creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Lillebaby, or as to the origin, sponsorship, or approval of Defendant's Product by Lillebaby.  Defendant's conduct is likely to induce consumers to believe, contrary to fact, that Defendant's Product is sponsored, endorsed, approved by, or connected with Lillebaby.

73.     Defendant's conduct is without Lillebaby's permission or authority, and was commenced and committed knowingly, deliberately, and willfully with the intent to trade on the goodwill associated with the LÍLLÉBABY Marks, to injure Lillebaby's reputation in the LÍLLÉBABY Marks, and/or to impair the distinctiveness of the LÍLLÉBABY Marks.  Further, Defendant's conduct is oppressive and malicious in that it was intended to injure Lillebaby and was carried on by Defendant with a willful and conscious disregard of the rights of others.

74.     Defendant's unauthorized use of the LÍLLÉBABY Marks in connection with the sale and advertisement of its baby carrier as described above constitutes unfair competition under California common law.

75.     Defendant's willful conduct has caused damage to Lillebaby in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the LÍLLÉBABY Marks, for which there is no adequate remedy at law. Upon information and belief, Defendant has profited from this activity.

76.     In light of the foregoing, Lillebaby is entitled to injunctive relief, and to recover from Defendant all damages, including lost profits and attorneys' fees, that Lillebaby has sustained and will sustain as a result thereof, in an amount not yet known, as well as the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lillebaby requests that this court enter the following orders and judgments:

(a)     Permanently enjoining Defendant and its parents, subsidiaries, divisions, officers, directors, agents, dealers, representatives, servants, employees, successors, assigns, and all parties acting in concert or participation with them, from infringing the '116 and '732 Patents in any way; and from using the LÍLLÉBABY Marks, or any other designation that infringes the LÍLLÉBABY Marks in any manner;

(b)     Adjudicating and declaring that Defendant has infringed the '116 Patent;

(c)     Awarding damages to be paid by Defendant adequate to compensate Lillebaby for Defendant's past, present and any future infringement of the '116 Patent through the date any such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

(d)     Finding Defendant's infringement of the '116 Patent to be willful and increasing damages up to three times the amount found or assessed by the jury;

(e)     Adjudicating and declaring that Defendant has infringed the '732 Patent;

(f)     Awarding damages to be paid by Defendant adequate to compensate Lillebaby for Defendant's past, present and any future infringement of the '732 Patent through the date any such judgment is entered, including interest, costs, expenses; and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

(g)     Finding Defendant's infringement of the '732 Patent to be willful and increasing damages up to three times the amount found or assessed by the jury;

(h)     Awarding Lillebaby pre and post-judgement interest;

(i)     Ordering that Defendant deliver up and destroy all labels, signs, prints, packages, wrappers, websites, promotional materials, brochures, manuals, educational materials, and advertisements bearing the LÍLLÉBABY Marks or any colorable imitation thereof, and ordering Defendant to file with this Court and serve upon Lillebaby within fifteen (15) days after

issuance of any injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(j)     Ordering that Defendant account for and pay to Lillebaby such damages, profits, royalties, attorneys' fees, costs, prejudgment interest, and enhanced damages as may be shown by the evidence;

(k)     Finding this to be an exceptional case and awarding Lillebaby its reasonable attorney fees under 35 U.S.C. § 285 and 17 U.S.C. § 1117(a);

(l)     Awarding Lillebaby restitution for Defendant's unfair business practices pursuant to Cal. Bus. & Prof. Code §§17200 *et seq.*; and

(m)     Awarding Lillebaby such other and further relief as the Court deems just and proper.

## INTRADISTRICT ASSIGNMENT

Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Lillebaby demands a trial by jury of all issues raised herein which are triable by jury.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

Respectfully Submitted,

Dated:  December 15, 2017                     VENABLE, LLP

By:       /s/  *Susan E. Hollander*

Susan E. Hollander (SBN 133473)
David J. Partida (SBN 304996)
101 California Street, Suite 3800
San Francisco, CA 94111
Email:       sehollander@venable.com
                djpartida@venable.com
Telephone:(415) 653-3750
Facsimile: (415) 653-3755

Frank M. Gasparo (*Pro Hac Vice* pending)
Todd M. Nosher (*Pro Hac Vice* pending)
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Email:       fmgasparo@venable.com
                tmnosher@venable.com
Telephone:(212) 307-5500
Facsimile: (212) 307-5598

*Attorneys for Plaintiff Lillebaby, LLC*

COMPLAINT