Alexander Chen, Esq. [SBN 245798]
William Walz, Esq. [SBN 136995]
Theodore Lee, Esq. [SBN 281475]
Elliot Landreth, Esq. [SBN 314884]
InHouse Co.
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Tel: (949) 250-1555
Fax: (714) 882-7770

Attorneys for Defendant
LUMIERE BABY, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

LILLEBABY, LLC, a Delaware limited liability company,

Plaintiff,

v.

LUMIERE BABY LLC, a California limited liability company,

Defendant.

Case No. 5:17-cv-07153-BLF

DEFENDANT LUMIERE BABY LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE THIRD CAUSE OF ACTION OF COMPLAINT FOR WILLFUL INFRINGEMENT OF PATENT (FED. R. CIV. P. 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF TOMOKATSU MATSUYAMA IN SUPPORT

**Assigned to Judge Beth L. Freeman**

Date: April 26, 2018
Time: 9:00 a.m.
Place: Courtroom 3
5th Floor
280 South 1st Street
San Jose, California

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 26, 2018, at 9:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 3, United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, 5th Floor, San Jose, California, Defendant Lumiere Baby, LLC will, and hereby does, move to dismiss and have stricken from the Complaint of Plaintiff Lillebaby, LLC, the third cause of action entitled "Willful Infringement of the '116 and '732 Patents", pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that said third cause of action fails to state a claim upon which relief can be granted.

This motion is based on the Complaint on file in this matter, as well as the Exhibits to the Complaint, this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and Declaration of Tomokatsu Matsuyama and further briefing and arguments of counsel, and such further matters as may be presented to the Court.

**DATED:** January 22, 2018

**INHOUSE CO. LAW FIRM**

By: ______________________________
Alexander Chen, Esq.
William Walz, Esq.
Theodore Lee, Esq.
Elliot Landreth, Esq.
Attorneys for Lumiere Baby LLC

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**……………..…...................1

**I. INTRODUCTION**…………………………………………………………...1

**II. BACKGROUND**……….…………………………………………………….2

**III. ARGUMENT**……………………………………………………………...3

**A. Legal Standard**……………………………………………………….2

**B. The Complaint Fails to State A Claim For Infringement By Failing to Allege Sufficiently That the Accused Products Perform Each of the Elements of Asserted Claims of The Patents-In-Suit**………………………………………………...4

**C. The Complaint Fails to State A Claim For Willful Infringement**……….……………………………………………….6

**D. In Failing to Sufficiently Plead Knowledge of the '116 and '732 Patents, Plaintiff Thus Also Has Failed to Establish Willful Infringement of These Patents**……………………………………7

**IV. CONCLUSION**……….......…...……………..………......………..…...…....9

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal* 556 U.S. 662 (2009)……………………………………….………1, 3, 4

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)……………………………………1, 3, 4

*Bill of Lading*, 681 F.3d at 1331……………………………………………………..…3, 4

*Courtesy Products, L.L.C . v. Hamilton Beach Brands, Inc.*, Civ. No. 13-2012-SLR, 73 F. Supp. 3d 435, 2014 U.S. Dist. LEXIS 156634 (D. Del. Nov. 5, 2014)…………………………………………………………………………….…..7

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011)……6

*Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006)…………6

*Macronix Int'l Co. v. Spansion, Inc.*, 2014, U.S. Dist. LEXIS 31465 (Mar 10, 2014)…………………………………………………………..……....4 ,5, 6

*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012)……………………………………………………………………………….….7

*Nanosys, Inc. v. QD Vision, Inc.*, 2016 U.S. Dist. LEXIS 126745…………………….....9

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)……………………………...…3

*In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)…………………6

*Spherix Inc. v. Juniper Networks, Inc.*, 2015 U.S. Dist. LEXIS 41057……………..……6

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, 2012 U.S. Dist. LEXIS 42749…………………………………………………………………….…7

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998)……4

**STATUTES**

17 U.S.C. § 1117(a)……………………………………………………………...……8

35 U.S.C. § 285……………………………………………………..…………...…8

Fed. R. Civ. P. 8(a)(2)…………………………………………………..………………3

Fed. R. Civ. P. 12(b)(6) ………………………………………….……..........1, 3, 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This motion seeks to dismiss and strike from Lillebaby's complaint the third cause of action for Willful Infringement of Patents pursuant to Fed. Rule of Civil Procedure 12(b)(6) and the pleading requirements set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal* 556 U.S. 662 (2009), as well as the succeeding cases, cited herein, which have particularly examined the threshold for sufficiency of pleadings under a cause of action for willful infringement. As will be shown herein, Plaintiff has failed to meet these pleading standards, has made merely conclusory assertions, from which it cannot be reasonably inferred, without conjecture and supplying new and additional facts, what the actual basis for the claim for willful infringement could be. Worse, the actual facts, which may or may not be discernable from the complaint, would actually refute any claim of willful infringement by Lumiere. For these reasons, it is respectfully requested that the Court grant Defendant's motion to dismiss and strike from Lillebaby's complaint the third cause of action for Willful Infringement of the '116 and '732 Patents. Given the implausibility of supplying sufficient facts and allegations, which would indeed contradict the plain reality, it is further respectfully requested that leave be denied the Plaintiffs to amend for this third cause of action.

## II. BACKGROUND

In a nutshell, this lawsuit pits the large and well-funded plaintiff Lillebaby company against a fledgling and upstart newcomer to the baby carrier market, defendant Lumiere Baby, LLC. Lillebaby seeks to enforce and draw punishment for what it claims are violations of its patent and trademark rights, while Lumiere, in a truly existential struggle to enter the market with its own design and product, seeks here to defend its own right to innovate and compete in the free market, while

vindicating itself from the claims of the Goliath-sized Plaintiff, Lillebaby, and its phalanx of attorneys on both coasts.

According to the complaint, Lumiere drew Lillebaby's attention when, in an effort to design its own baby carrier, Lumiere conducted a consumer marketing survey, asking participants what it liked and disliked about the current product offerings, which included Lillebaby's carrier. This was an innocent and earnest effort simply to obtain feedback from new parents such as the owners of the Lumiere Baby company themselves, so that they could embark upon their venture to design and produce a product of their own. To encourage participation in the survey, Lumiere offered the free "giveaway" of a Lillebaby product, as well as a baby carrier from another, competing maker. To properly identify each model so that participants could identify and provide input on their experiences and impressions, the models were identified by tradename and company (See attached Declaration of T. Matsuyama). Having itself no product yet on the market for sale, there was obviously no intent by Lumiere to misuse the trademarks of the sampled products, including Lillebaby's to divert sales, or make any other wrongful use of the sampled products' trademarks.

//

Nor was there any awareness on the part of Lumiere or its principal, of Lillebaby's referenced patents, until the filing of Plaintiff's lawsuit. (Matsuyama Decl., ¶ 7). In their zealotry to defend Lillebaby's market share through patent and trademark litigation, if not more sinisterly, to stomp out sprouting competition, Plaintiff has missed some of these important facts in drafting their complaint. This is likely why Lillebaby's complaint, while loaded with pages of descriptions and comparisons of its trademarks with those of course used to identify its product in Lumiere Baby's "Free Giveaway" market survey, has no allegations of substance in making its claim for intentional infringement, since there are in fact no such facts that could be validly alleged.

# III. ARGUMENT

## A. Legal Standard

Although the substantive law of the Federal Circuit governs patent cases, courts apply the law of the regional circuit when evaluating procedural issues. *Bill of Lading*¸681 F.3d at 1331. A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In federal court, a pleading must contain a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint is deficient if it fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Thus, a claimant's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555. In resolving a 12(b)(6) motion, courts accept all well-pleaded allegations of material fact as true and construes them in a light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc*., 135 F.3d 658, 661 (9th Cir. 1998).

<u>Direct Infringement.</u> Pleading direct infringement requires pleading facts from which it can plausibly be inferred that the accused product performs or incorporates all of the elements of each of the ascertain claims of the patents-in-suit. *Macronix Int'l Co.*, 2014 U.S. Dist. LEXIS 31465, *19-20 (applying *Twombly* and *Iqbal* to direct infringement claims); *contra, Bill of Lading*, 681 F.3d 1331-34 (holding pleading requirements for direct infringement are governed by Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure).

**B. The Complaint Fails to State A Claim For Infringement By Failing to Allege Sufficiently That the Accused Products Perform Each of the Elements Of Asserted Claims of The Patents-In-Suit.**

To plead direct infringement, the complaint must plead facts from which it can plausibly be inferred that the accused product performs all of the elements of asserted claims of the patents-in-suit. *See Macronix Int'l Co*., 2014 U.S. Dist. LEXIS 31465, * 19-20 (applying *Twombly* and *Iqbal* to direct infringement claims); *contra Bill of Lading*, 681 F.3d 1331-34. Plaintiff's third cause of action fails to allege such facts, failing according to the standard set forth by *Macronix,* to address all of the elements of the asserted claims of the patents-in-suit. Instead, the complaint purports to address the elements of the claims of '116 and '732 patents by listing the elements of each at ¶¶ 36 and 47 respectively. However, a careful reading of the paragraphs that follow fail to sync to and sufficiently address the elements of the asserted claims.

¶ 36 sets forth the elements of claim 1 of the '116 patent:

1. A carrier for transporting a child by a transporting individual, comprising:

    a torso support part configured to support the torso of the child placed in the carrier;

    a left shoulder strap having an upper and a lower left-strap ends configured for coupling to the torso support part at respectively an upper left coupling point and a lower left coupling point on the torso support part;

    a right shoulder strap having an upper and a lower right-strap ends configured for coupling to the torso support part at respectively an upper right coupling point and a lower right coupling point on the torso support part;

    a seat support part coupled to the torso support part and configured to support the posterior of the child, wherein the seat support part comprises a left upper-leg-support part disposed on the left side of the seat support part and configurable to optionally support at least part of the left thigh of the child

and otherwise not support the left thigh of the child and a right upper-leg-support part disposed on the right side of the seat support part and configurable to optionally support at least part of the right thigh of the child and otherwise not support the right thigh of the child; and

a hip belt coupled to the seat support part and configured for securing about the hips of the transporting individual, wherein at least one of the upper leg-support parts is coupled to the hip belt by a fastening device selected from the group consisting of mating areas of a hook and loop type fastener on that upper-leg-support part and the hip belt and mating snaps on that upper-leg-support part and the hip belt.

Plaintiff hastily enters into a discussion of these claims in the following ¶ ¶ 37 – 41 and abruptly concludes that each limitation of claim 1 of the '116 Patent has been found. Defendant argues that Plaintiff fails to sufficiently address the language of element four where the '116 patent specifically sets forth as a limitation "a seat support part coupled to the torso support … wherein the seat support part comprises a left upper-leg-support part disposed on the left side of the seat support part … and a right upper-leg-support part disposed on the right side of the seat support part". Further, Defendant argues that Plaintiff also fails to sufficiently address the language of element five of the '116 patent wherein set forth as a limitation Plaintiff has claimed "a fastening device … consisting of mating areas of a hook and loop type fastener". Plaintiff instead in ¶ 39 makes reference to "[s]naps [that] are used to attach a portion of the seat to the hip belt", without providing a qualification as to the inherent differences between a hook and loop type fastener and a snap fastener.

Plaintiff falls short of the standard set forth under *Macronix*, when Plaintiff begins discussion of Direct Infringement of the '732 Patent. Again, Plaintiff, as with its discussion of the '116 Patent, begins by listing the elements of Claim 10 of '732 Patent at issue. However, in the paragraphs that follow, Plaintiff fails to make substantive allegations, instead analogizing that the first three '732 elements are to be considered

equivalent to the '116 elements and thus found. Plaintiff then makes reference to adaptability as being the key differentiation between the '732 and '116 Patents and support a finding of adaptability on the basis of photo from Defendant's promotional material. Defendant argues that this photo is without sufficient explanation and does not plead sufficient facts from which it can plausibly be inferred that the accused product performs all of the elements of the asserted claims of the '732 Patent. Because the third cause of action fails to sufficiently plead the elements of direct infringement the third cause of action should be dismissed.

**C. The Complaint Fails to State a Claim for Willful Infringement.**

In 2015 The Federal Circuit set forth a two-pronged standard for establishing willful infringement, an objective prong and a subjective prong. *Spherix Inc. v. Juniper Networks, Inc.*, 2015 U.S. Dist. LEXIS 41057, *3-4, 2015 WL 1517508. With respect to the former,

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. *In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted).

If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation omitted).

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, 2012 U.S. Dist. LEXIS 42749, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012) (internal quotations omitted). Although "actual knowledge of infringement or the infringement risk" need not be pled, the complaint "must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

Here, Plaintiff's complaint contends that Defendant had knowledge of the '116 and '732 patents as the result of a "free giveaway" promotion Defendant had run on its Facebook page in November of 2016. Plaintiff asserts that as a direct result of Defendant purchasing and giving away the Lillebaby Complete carrier as part of this promotion that Defendant would be noticed as to both the '116 and '732 patents.

The fact that the '116 and '732 patents relate to the physical Lillebaby Complete carrier product itself is not compelling evidence of knowledge that the patent was, in fact, "called to the attention" of Defendant. Moreover, the complaint wholly ignores the objective prong of the two-prong test for establishing willful infringement and contains no facts establishing "objective recklessness of the infringement risk." *See e.g., Courtesy Products, L.L.C . v. Hamilton Beach Brands, Inc.*, Civ. No. 13-2012-SLR, 73 F. Supp. 3d 435, 2014 U.S. Dist. LEXIS 156634, 2014 WL 5780877, at *5 (D. Del. Nov. 5, 2014) (citation omitted).

### D. In Failing to Sufficiently Plead Knowledge of the '116 and '732 Patents, Plaintiff Thus Also has Failed to Establish Willful Infringement of These Patents.

Beyond merely reciting that Lumiere's had "*willfully*" infringed Lillebaby's patents in its Third Cause of Action for Willful Infringement of the Asserted Patents, Plaintiff's only effort to substantiate this serious claim of willful infringement is to allege, that, "Defendant has had actual knowledge of the '116 and '732 Patents since at least November 2016," based inferentially on Plaintiff's following assertion that "Defendant had purchased a Lillebaby COMPLETE™ that was used in a 'free giveaway' promotion…." [Complaint, ¶ 55]. For the entire substance of their pleading of willful infringement of patents, Plaintiff offers only the barest of insinuation that the purchase of their product by the Plaintiff, must automatically imply, not only that the Defendant had *knowledge* of their Asserted Patents, but on top of that willfully infringed upon them. Based on this meager allegation of purported willfulness, Plaintiff seeks treble damages, a finding that this is an exceptional case, and an award of attorney's fees under 35 U.S.C. § 285 and 17 U.S.C. § 1117(a). Unfortunately, Plaintiff's pleadings are entirely insufficient, and therefore fail to establish this claim for relief under the law of this District, warranting dismissal.

Plaintiff fails to sufficiently allege either of the two elements of willful infringement: neither Defendant's *knowledge* of the Patents in Suit, nor is Defendant's willfulness pled with anything more than a conclusory assertion, and thus falling far short of the plausibility requirements set forth in the cases cited above.

As the sole allegation for asserting that Defendant's had knowledge of Defendant's two patents, Plaintiff states that Defendant had purchased one of its patented items for use in a giveaway in January 2017. That is it. There are no allegations, such as one would expect to commonly find in a willful infringement case, such as allegations or plausible indications that, say, the Defendant had attempted unsuccessfully to apply for similar patents, or that Defendant had been notified pre-suit of infringement, or that Defendant had long been a competitor of Plaintiff for market share of baby carriers, or the like. No, the Plaintiff provides nothing of such substance.

The District Court for the Northern District of California in *Nanosys, Inc. v. QD Vision, Inc.,* 2016 U.S. Dist. LEXIS 126745, examined this issue of the sufficiency of pleading knowledge of the plaintiff's patent in suit under a Rule 12(b)(6) motion to dismiss certain claims from the first amended complaint. In *Nanosys* plaintiff and defendant were the two leading competitors in the development of ultra-high definition "quantum dot" television technology, where science and high technology, and the patents to protect this intellectual property was key to success. Even under this compelling background depicting a keenly fought battle for a technological edge, and the allegation that defendant's "founders and key employees were aware of and knowledgeable about developments and advances in the field and patent filings through their activities conducted through industry conferences, research and development,(citing plaintiff's FAC at ¶162), the court determined that, "[t]his allegation is insufficient to support an inference that (defendant) had knowledge of the patent prior to the filing of this lawsuit." Following supportive citations, the court observes that, "Plaintiffs fail to expound upon the connections which they argue, but do not plead, exist given this particular market. Without more, the Court cannot conclude that their claim is plausible. *Nanosys, Inc. v. QD Vision, Inc., supra,* *12.

## IV. CONCLUSION

The foregoing memorandum of points and authorities has shown that Plaintiff has failed to meet the minimum pleading requirements to plausible state a claim for relief for willful infringement under F.R.C.P. 12(b)(6). On their face, and interpreted in the light most favorable to the non-moving Plaintiff, even what bare and conclusory allegations there are do not plausibly align with the context in which they are presented, that of a marketing survey by a start-up company, offering a "Free Giveaway" product.

This factual problem is the root cause of Plaintiff's failure to state a plausible

claim for relief for its third cause of action, and, as shown in this memorandum, why this claim should be dismissed and stricken from the complaint.

Respectfully submitted,

**DATED:** January 22, 2018

**INHOUSE CO. LAW FIRM**

By: ______________________________

Alexander Chen, Esq.
William Walz, Esq.
Theodore Lee, Esq.
Elliot Landreth, Esq.
Attorneys for Lumiere Baby LLC